# Moore, Waldman & Co. v. Parks.

## Detinue.

1. *Error ; what not ground for reversal.*—A party can not complain of a charge which favors him, even though it be erroneous.

2. *Detinue; what does not disable vendor from maintaining.*—P. sold and delivered five bales of cotton to M. & Co., at a stipulated price for cash. P. had purchased two of the bales from his son, who owed M. & Co., who on that account refused to pay for them. A third person had a mortgage on the two bales, which P. agreed to satisfy. P. thereupon agreed with M. & Co. that they might pay the mortgage debt out of the agreed price, and the residue to himself, but made no new agreement respecting the price or sale. M. & Co. paid the mortgage debt, but refused to pay the balance to the vendor,—*held :* the vendor was not divested of title, or disabled from maintaining detinue against the purchaser.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

This was an action of detinue brought by the appellee, William C. Parks, against the appellants, Moore, Waldman & Co., to recover two bales of cotton. The appellee introduced evidence showing that the cotton in controversy was raised by Charles Parks, the son of the appellee, and was turned over by him to his father in payment of rent and advances, with the understanding that fifty dollars of the money

[Moore, Waldman & Co. v. Parks.]

realized from the sale of the cotton was to be paid to one Dixon, who had a mortgage on it. This cotton, with three other bales, was sold and delivered by the appellee to the appellants, and the sale was for cash. Upon demand of payment, the appellants offered to pay the appellee for the three bales, but refused to pay for the two bales in controversy, "upon the ground that Charles Parks was indebted to them, and they intended to appropriate the proceeds of said two bales to the payment of Charles Parks' indebtedness to them." The appellee refused to allow the deduction, and demanded the price of his cotton or the cotton itself, which was refused. There was evidence that Dixon, who held a mortgage on the cotton in controversy, demanded payment of his mortgage from the appellants, which was refused, and "he took some legal steps towards enforcing his demand." There was evidence on behalf of appellants, tending to show that one Goetter, at the instance of Dixon, got the appellants and the appellee together, and that it was then and there agreed between them, that if the appellants would pay the fifty dollars due Dixon, that they might apply the balance of the proceeds of sale to the debt of Charles Parks to them; but the appellee and his witnesses denied that any such agreement was made. The proof showed that the fifty dollars was paid by appellants to Dixon.

This was substantially all the evidence. Among other things, the court charged the jury, "that if they found for the plaintiff, they must also find the value of the cotton, but that in their verdict they must deduct the fifty dollars paid by the defendants." To this charge the defendants excepted.

The appellants then requested the following written charges: 1st. "If the plaintiff authorized the defendants to pay fifty dollars to Dixon, out of the proceeds of the two bales, it placed the cotton in such a condition that detinue will not lie for said two bales, and the plaintiff can not recover." 2d. "If the plaintiff directed fifty dollars to be paid out of said two bales, thereby he elected to treat the transaction as a sale, and he can not recover in an action of detinue." The court refused these charges and the defendant excepted. The charge given, and the refusal to charge as requested, are now assigned as error.

SAYRE & GRAVES, for appellant.—The first charge was erroneous. There was no plea of set-off, and it is not a good plea in an action of *detinue*. The charges requested by appellants should have been given. By ordering the payment of fifty

[Moore, Waldman & Co. v. Parks.]

dollars from the purchase-money of the cotton, the appellee elected to stand by the sale. He can not claim the purchase-money and the cotton both. At all events the appellants had the right to hold the cotton as security for the debt, and there is no evidence that any offer was ever made to repay the fifty dollars, or that any demand was ever made for the cotton. This is a case where a demand was essential. The plaintiff below must have had the entire and exclusive right to the immediate possession of the cotton, to enable him to maintain *detinue*.

THOMAS H. WATTS, JR., *contra.*—If the charge given by the court was erroneous, the appellants can not complain of it, for as to them it is clearly error without injury. The allowance of the fifty dollars as a credit in their favor, could do them no harm, and error without injury is no ground for a reversal. The charges refused were clearly erroneous. The sale was for cash, and it was not complete until the purchase-money was paid. Until the price was paid the title and the right of possession remained in the seller.—See 9 Port. 605; 29 Ala. 294. The sale of personal property in the hands of the vendor, becomes complete only when all the purchase-money is paid.—*McCrae v. Young*, 43 Ala. 622. The right of possession, if no credit be given, remains in the vendor until the purchase-money is paid.—*Magee v. Billingslee*, 3 Ala. 679; *Carroway v. Wallace*, 2 Ala. 542; *Love v. Cook*, 27 Ala. 624.

MANNING, J.—This was an action of *detinue*, brought by appellee, Parks, for two bales of cotton. They were raised by plaintiff's son and delivered by him to his father in payment of rent due the latter, and upon an agreement that he should pay fifty dollars of the proceeds of their sales to one Dixon who had a mortgage on them for that sum.

Parks, the father, bargained these two bales and three others of his own crop, to appellents at a price agreed on, the transaction being a cash sale; and having delivered the cotton as directed, he demanded the price. Appellants then declined to pay for the two bales, and insisted on appropriating the price of them to payment of a debt of Parks, the son, to themselves. In the dispute which followed, according to the testimony for defendants, it was agreed that they should pay the fifty dollars to Dixon, who was there present and received that sum, and apply the residue upon Parks, the son, to them; while according to the testimony for plain-

tiff, the agreement was that the fifty dollars should be paid to Dixon, and the residue of the price to plaintiff. Which of these was the correct version it was left to the jury to decide.

For appellants, who were defendants below, it is contended that the circuit judge erred in charging the jury that if they should find the issue in favor of the plaintiff, Parks, they should in assessing the value of the cotton deduct the fifty dollars paid by defendants to Dixon. If this was error, it certainly was not one of which defendants can be heard to complain. It was a charge not to their injury but in their favor.

The only other question presented by the record, is founded on charges asked on behalf of defendants and refused. By these the judge was asked to instruct the jury that if plaintiff authorized or directed the payment of the fifty dollars to Dixon, he thereby placed himself in a condition in which he could not bring the action of *detinue*. The argument is that by so doing he made the transaction a sale, and divested himself of the title which he must have to maintain *detinue*.

The charges concede that but for the payment of the fifty dollars to Dixon by authority of plaintiff, the latter was entitled to bring the action; and the question is as to the effect of the payment so made on that right.

Two versions, as we have seen, of what passed between plaintiff and defendants concerning payment for the two bales, were submitted to the jury, and their verdict, which we must of course accept as correct, established that for which the plaintiff contended. According to this, there was no new agreement respecting the price or sale of the cotton, but only a consent on plaintiff's part that fifty dollars of the price should be paid, as he intended to pay it to Dixon, and the residue be paid to himself. If, as the charges requested concede, the title to the two bales remained up to that time, in plaintiff so that he might maintain *detinue* for them, could defendants invest themselves with his title by paying to Dixon only a part of the cash price and refusing to pay the residue to Parks? If we say, yes, we enable the defendants to take advantage of their own wrong, by getting from plaintiff his cotton, without his consent, for a part only of the price, and putting him to an action for the residue; which he may be prevented from recovering, by the insolvency of defendants, or the provisions of the exemption laws.

Parks is put by the charges and exceptions in the situation a merchant would be in, who should offer to sell goods

[Steiner & Bro. v. McCall.]

at a certain price for cash, to a person who lays down a part of the price and without consent of the merchant, or paying the residue, takes and claims the goods as his own.    Clearly the merchant would not be thereby divested of his title.

Let the judgment of the Circuit Court be affirmed.